# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Michael J. Beaver,

      Petitioner,  Case No. 15-cv-13678

v.           Judith E. Levy
            United States District Judge
Thomas Mackie,
            Mag. Judge Mona K. Majzoub
      Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO LIFT THE STAY AND TO AMEND HIS PETITION [7], REOPENING THIS CASE, AND DIRECTING PETITIONER TO FILE AN AMENDED PETITION

Petitioner Michael J. Beaver, a state prisoner at Oaks Correctional Facility in Manistee, Michigan, was convicted in 2012 of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), larceny of a firearm, Mich. Comp. Laws § 750.357b, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. The trial court sentenced Petitioner to concurrent prison terms of 150 months to thirty years for the home invasion and twenty-eight to ninety months for the other convictions. The Michigan Court of Appeals affirmed Petitioner's

convictions, *see People v. Beaver*, No. 309787, 2013 WL 6689101 (Mich. Ct. App. Dec. 19, 2013), and on July 29, 2014, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Beaver*, 496 Mich. 864 (2014).

Petitioner commenced this action on October 14, 2015, by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2254 and a motion to hold his habeas petition in abeyance. (Dkts. 1, 2.) Petitioner asserted as grounds for relief the following four claims which he raised on direct appeal: (1) the trial court abused its discretion by denying his motion for new trial based on newly discovered evidence that the prosecution's star witnesses committed perjury; (2) his trial attorney was ineffective for opening the door to otherwise inadmissible evidence that Petitioner was previously convicted of a similar charge; (3) the prosecutor engaged in misconduct by threatening and arresting a witness; and (4) the prosecutor committed misconduct by (a) failing to correct perjured testimony, (b) vouching for his witness, (c) misstating the evidence in closing arguments, and (d) eliciting testimony about Petitioner's past gang affiliation. Petitioner also argued that defense counsel was ineffective for failing to object to the prosecutor's misconduct.

In his motion for a stay, Petitioner indicated that he intended to raise additional claims about the prosecutor and his former attorneys in a post-conviction motion presented to the state trial court. He asked the Court to stay his federal case and to hold his habeas petition in abeyance while he exhausted state remedies for these additional claims.

On February 4, 2016, the Court granted Petitioner's motion for a stay and closed this case for administrative purposes. (Dkt. 6.) As a condition of the stay, the Court ordered Petitioner to file a motion for relief from judgment in the state trial court within ninety days of the Court's order. The Court also stated that, if Petitioner were unsuccessful in state court and wished to return to federal court, he should file an amended habeas corpus petition and a motion to re-open this case within ninety days of exhausting state remedies for his new claims.

Currently pending before the Court is Petitioner's motion to lift the stay and to amend his petition. (Dkt. 7.) He states that he filed a motion for relief from judgment in state court after this Court stayed his habeas case and that the state trial court denied his post-conviction motion. He further alleges that he appealed the trial court's decision

and that the Michigan Supreme Court denied relief on November 29, 2017. He proposes to file an amended habeas petition in which he raises the four claims that he presented to the state courts on direct appeal and three additional claims that he presented to the state courts on collateral review of his convictions.

Petitioner has complied with the Court's order granting a stay. Accordingly, the Court GRANTS Petitioner's motion to lift the stay and to amend his habeas petition (Dkt. 7). The Court orders the Clerk of the Court to reopen this case. The Court orders Petitioner to file an amended petition and two identical copies, using the same caption and case number that appear above. The amended petition will supersede Petitioner's initial petition. Accordingly, Petitioner should include all the claims that he wishes the Court to consider, as well as the supporting facts or a brief. Petitioner must file his amended petition within **thirty (30) days** of the date of this order. The Court will then order the Clerk of Court to serve copies of the amended petition on the

warden and on the Michigan Attorney General.

IT IS SO ORDERED.

Dated: April 10, 2018             s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2018.

                                          s/Shawna Burns
                                          SHAWNA BURNS
                                          Case Manager